IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 07-00327-KD |
| | ) |
| BOBBY LAW, JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Previously, this Court entered an Order whereby defendant Bobby Law, Jr. was found not guilty by reason of insanity and Law was committed to the custody of the Attorney General for treatment pursuant to 18 U.S.C. § 4243(e) until such time as he was eligible for discharge pursuant to 18 U.S.C. § 4243(f). (Doc. 46)  The Court received a Certificate of Conditional Release certifying that Law had recovered from his mental disease or defect to the extent that he may be conditionally released, the Risk Assessment Review Report, and letter setting forth a prescribed regimen of treatment. A hearing pursuant to 18 U.S.C. § 4243(f) and 4247(d) was held to determine whether Law could be conditionally released.

After hearing the evidence, the Court found that Law had met his burden of proof to show by clear and convincing evidence that he had "recovered from his mental disease or defect" to the extent that his "conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4243(f)(2). (Doc. 59)  Law was released to reside at a group home under an order setting forth the specific conditions of release and under the supervision of the U.S. Probation Office.

Recently, Law's Probation Officer filed a petition for warrant and recommendation that Law's conditional release supervision be revoked (doc. 65).  A hearing was held on March 11, 2015.  Law, his attorney Christopher Knight, and Assistant United States Attorney Michele C.

O'Brien were present for the hearing.

Title 18 U.S.C. § 4243(g) applies to revocations of conditional discharge of persons acquitted upon a finding of not guilty by reason of insanity.[1]  The statute sets forth as follows:

> (g) Revocation of conditional discharge.--The director of a medical facility responsible for administering a regimen imposed on an acquitted person conditionally discharged under subsection (f) shall notify the Attorney General and the court having jurisdiction over the person of any failure of the person to comply with the regimen. Upon such notice, or upon other probable cause to believe that the person has failed to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, the person may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him. The court shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

18 U.S.C. § 4243(g).

"The plain language of § 4243(g) requires that a district court make two determinations before revoking an insanity acquittee's conditional release: (1) the acquittee failed to comply with his prescribed regimen of care or treatment and (2) his continued release would create a substantial risk of bodily injury to another person or serious damage to another's property." *United States v. Ambers,* 360 Fed. Appx. 39, 43 (11th Cir. 2010).

Upon consideration of the evidence presented at the hearing, the Court finds that there is sufficient evidence that Law failed to comply with his prescribed regimen of medical, psychiatric, or psychological care or treatment and that his continued release would create a substantial risk of bodily injury to another person or serious damage to another's property. Accordingly, it is ORDERED that Law's conditional release is revoked and he is remanded to

---

[1]  At the hearing, the parties discussed revocation under 18 U.S.C. § 4246(f), which does not apply to Law.  However, the operative language - the last sentence  - is identical and calls upon the court to make the same determination.

2

the custody of the Attorney General to designate a suitable facility for Law.

It is further requested that within thirty (30) days of Law's arrival at the designated facility, the Bureau of Prisons shall conduct a psychiatric or psychological examination and provide the Court with a psychiatric or psychological report pursuant to the provisions of 18 U.S.C. § 4247(b) and (c), as to whether Law could be conditionally released again after updating his medication and treatment.

The United States Marshal is DIRECTED to expedite Law's transfer to the medical facility and to notify the Clerk of Court immediately upon his return to the Southern District of Alabama.

**DONE** and **ORDERED** this 16th day of March 2015.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**
